IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON VELASQUEZ,

        Plaintiff,                      No. CIV S-07-2419 LKK GGH P

   vs.

ELHENDIE, et al.,

        Defendants.            ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On November 28, 2007, the court ordered plaintiff to file a request to proceed in forma pauperis or pay the appropriate filing fee within thirty days. Thirty days passed and plaintiff did not respond to this order. Accordingly, on February 19, 2008, the court recommended that this action be dismissed.

        On March 10, 2008, plaintiff filed objections to the findings and recommendations. On April 3, 2008, plaintiff filed a completed in forma pauperis affidavit. Good cause appearing, the findings and recommendations are vacated.

/////

/////

/////

1

1    Plaintiff has submitted a declaration that makes the showing required by 28
2 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.
3    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28
4 U.S.C. § 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently
5 without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C.
6 § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding
7 month's income credited to plaintiff's prison trust account. These payments shall be collected
8 and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
9 plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
10 § 1915(b)(2).
11    The court is required to screen complaints brought by prisoners seeking relief
12 against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
13 § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised
14 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
15 granted, or that seek monetary relief from a defendant who is immune from such relief. 28
16 U.S.C. § 1915A(b)(1),(2).
17    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
18 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
19 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
20 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
21 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
22 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
23 Cir. 1989); Franklin, 745 F.2d at 1227.
24 /////
25 /////
26 /////

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The complaint states a colorable claim for relief against defendants Elhondie and Kernan pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

Also named as a defendant is Jeanne Woodford. The complaint contains no allegations against defendant Woodford.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/////

1         Moreover, supervisory personnel are generally not liable under § 1983 for the
2 actions of their employees under a theory of respondeat superior and, therefore, when a named
3 defendant holds a supervisorial position, the causal link between him and the claimed
4 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
5 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
7 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8 Cir. 1982).

9         Because plaintiff has failed to link defendant Woodford to the alleged
10 deprivations, the claims against this defendant are dismissed with leave to amend.

11         If plaintiff chooses to amend the complaint, plaintiff is informed that the court
12 cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local
13 Rule 15-220 requires that an amended complaint be complete in itself without reference to any
14 prior pleading. This is because, as a general rule, an amended complaint supersedes the original
15 complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended
16 complaint, the original pleading no longer serves any function in the case. Therefore, in an
17 amended complaint, as in an original complaint, each claim and the involvement of each
18 defendant must be sufficiently alleged.

19         Accordingly, IT IS HEREBY ORDERED that:

20         1. Plaintiff's request to proceed in forma pauperis is granted;

21         2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
22 The fee shall be collected and paid in accordance with this court's order to the Director of the
23 California Department of Corrections and Rehabilitation filed concurrently herewith;

24         3. Plaintiff's claims against defendant Woodford are dismissed for the reasons
25 discussed above, with leave to file an amended complaint within thirty days from the date of
26 service of this Order. Failure to file an amended complaint will result in a recommendation that

1 | these defendants be dismissed from this action;

2 |     4. Upon filing an amended complaint or expiration of the time allowed therefor,

3 | the court will make further orders for service of process upon some or all of the defendants;

4 |     5. The February 19, 2008, findings and recommendations are vacated.

5 | DATED: 04/23/08

/s/ Gregory G. Hollows

vel2419.1

UNITED STATES MAGISTRATE JUDGE