UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AARON VELASQUEZ, | ) | 2:07-cv-02419-HDM-RAM |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ELHENDIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983.

Before the court is defendant Elhindi's motion to dismiss (#27) filed on January 20, 2009. In opposition, plaintiff filed a "Motion to Not Dismiss the Action of this Case" (#28), to which Elhindi replied (#29). The court, construing plaintiff's motion as one for an extension of time in which to file a response to the motion to dismiss, granted plaintiff up to and including April 23, 2009, in which to file his opposition. On April 9, 2009, plaintiff filed a document identical to his earlier motion (#38), which the court construes as his opposition. To the extent plaintiff is asking for additional time to oppose Elhindi's motion to dismiss,

such motion is denied.

On July 4, 2007, plaintiff was attacked by other inmates while he was exercising in the yard. He asserts that he had been improperly classified as a Northern Hispanic gang member and placed in the Northern Hispanic gang member yard, despite the fact he is a Muslim. Plaintiff alleges that Elhindi failed to stop the attack in violation of his Eighth Amendment rights. The complaint also alleges violations of plaintiff's First and Fourteenth Amendment rights, as well as the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff may also be asserting a negligence claim.

Elhindi moves to dismiss plaintiff's claims against him for failure to exhaust administrative remedies, failure to state a claim, and with respect to any negligence claim, failure to comply with the California Government Claims Act.

I. Failure to Exhaust

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and is a prerequisite to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Administrative remedies must be exhausted prior to filing suit; exhaustion during the pendency of the suit is insufficient. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); *Vaden v. Summerhill*, 449 F.3d 1047, 1150-51 (9th Cir. 2006). There must be "proper exhaustion" of available

administrative remedies, meaning the inmate must "us[e] all steps the agency holds out. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Prisoners in the State of California have the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Admin. Code tit. 15, § 3084.1(a). To exhaust administrative remedies in the California system, a prisoner must proceed through several levels of appeal: (1) informal resolution; (2) formal written appeal on a CDC 602 inmate appeal form; (3) second-level appeal to the institution head or designee; and (4) third-level appeal to the Director of the California Department of Corrections. *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement. *Kirkpatrick v. Ayers*, 2007 WL 2694179, at *1 (N.D. Cal. 2007) (unpublished disposition).

Failure to exhaust nonjudicial remedies is treated as a matter in abatement and is subject to an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss on such grounds, "the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If the court finds the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

Failure to exhaust administrative remedies is an affirmative defense; defendants thus bear the burden of raising and proving the absence of exhaustion. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005) (quoting *Wyatt*, 315 F.3d at 1119). Further, before the

court can find a failure to exhaust, the defendants must prove that "*some* relief remained available" that the prisoner failed to pursue, "whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process." *Id.* at 936-37 (emphasis original).

The incident underlying plaintiff's claim against Elhindi took place on July 4, 2007. Plaintiff filed a grievance about the incident on July 8, 2007, which was assigned appeal number SAC-07-01820. The grievance bypassed the informal level of review, and a response at the first level of formal review was completed October 16, 2007. Plaintiff appealed to the second level of review on November 1, 2007,[1] and then filed his complaint in this action on November 9, 2007. The second-level response was completed on November 16, 2007. Plaintiff appealed to the Director's level on November 26, 2007. The Director's level response was completed on February 27, 2008. The Director's level decision served to exhaust plaintiff's administrative remedies with regard to his claims against defendant Elhindi.

Plaintiff appealed the first-level decision, indicating he understood this notice to mean further administrative remedies were available. Before receiving the response on the second level, he

---

[1] The first-level response dated November 1, 2007, partially granted plaintiff's appeal and indicated:

> Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

4

filed this complaint.  At the time he initiated this action *some* relief remained available, namely the remaining levels of review that plaintiff was informed were available and which in fact were completed after he filed his complaint.  Plaintiff therefore initiated this action before exhausting his administrative remedies.

As noted, administrative remedies may not be exhausted during the pendency of suit, and the court does not have discretion to excuse a failure to exhaust.  Accordingly, plaintiff's claims against Elhindi based on the July 4, 2007, attack are hereby dismissed without prejudice.

II. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted.  In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations.  *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000).  The allegations of the complaint also must be construed in the light most favorable to the nonmoving party.  *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  The court can grant the motion only if it is certain that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996).

The allegations of a *pro se* plaintiff's complaint are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*). "Specific facts are not necessary" in a *pro se* complaint; the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal punctuation and citations omitted). Even so, "a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of a claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (internal punctuation omitted) (italics added).

With regard to plaintiff's claims under the First Amendment, the Fourteenth Amendment, the RFRA,[2] and the RLUIPA, his complaint contains no allegations supporting any of those claims insofar as they are asserted against Elhindi. Plaintiff's only allegations against Elhindi relate to his failure to prevent the attack on July 4, 2007, his failure to press the alarm once the attack had taken place, and his inconsistent versions of the attack written on July 4, 2007, and July 7, 2007. As noted above, plaintiff has not exhausted his administrative remedies with respect to any of these allegations. Plaintiff has failed to state a claim against Elhindi for a violation of the First or Fourteenth Amendment, the RFRA, or the RLUIPA, and such claims against Elhindi are hereby dismissed.

III. State Law Claims

Having dismissed plaintiff's federal claims, this court

---

[2] The court notes that the RFRA has been declared unconstitutional as applied to local and state laws. *See Freeman v. Arpaio*, 125 F.3d 732, 735-36 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008).

declines to exercise supplemental jurisdiction over any state law negligence claim plaintiff may have asserted. A district court need not actuate supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); see *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 537 (9th Cir. 1989). It is generally preferable to dismiss pendent state claims after federal claims have been dismissed. *McCarthy v. Mayo*, 827 F.2d 1310, 1317 (9th Cir. 1987). Thus, to the extent plaintiff has asserted a negligence claim against Elhindi, such claim is dismissed without prejudice.

Accordingly, the court finds Elhindi has met his burden of proving plaintiff has failed to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a). Further, plaintiff has failed to state a claim against defendant Elhindi for violations of plaintiff's First and Fourteenth Amendment rights, the RLUIPA, and the RFRA. Finally, the court declines to exercise supplemental jurisdiction over plaintiff's negligence claim. Defendant Elhendi's motion to dismiss (#27) is therefore granted, and this action is hereby dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 13th day of May, 2009.

_Howard D. McKibben_
UNITED STATES DISTRICT JUDGE