**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| AARON VELASQUEZ, | ) | 2:07-cv-02419-HDM-RAM |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| ELHENDIE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is defendant Kernan's motion to dismiss (#26) filed on January 16, 2009.  In opposition, plaintiff filed a "Motion to Not Dismiss the Action of this Case" (#28), to which defendant Kernan filed a reply (#30).  The court, construing plaintiff's motion as one for an extension of time in which to file a response to the motion to dismiss, granted plaintiff up to and including April 20, 2009, in which to file his opposition.  On April 9, 2009, plaintiff filed a document identical to his earlier

1

opposition (#38).[1]  Defendant Kernan filed a reply on April 17, 2009 (#41).

On April 6, 2009, the court ordered Kernan to provide a copy of appeal number SAC-07-00586, referenced in the declaration of N. Grannis, Exhibit B to Kernan's motion to dismiss.  Kernan complied on April 23, 2009.  On May 12, 2009, the court granted Kernan an opportunity to supplement his motion to dismiss to show that plaintiff had not exhausted his administrative remedies with regard to his claims against Kernan, and further ordered the plaintiff to file any opposition to the motion to dismiss by June 22, 2009.  Plaintiff has not filed any response.

Plaintiff's complaint alleges that Kernan improperly labeled him a Northern Hispanic gang member and placed him in the yard where such members were housed, where he was attacked and stabbed by other inmates.  Plaintiff also asserts Kernan deprived him of recreation program yard time.  Kernan moves to dismiss plaintiff's claims against him for failure to exhaust administrative remedies. Kernan argues that plaintiff never filed any grievance against him or any grievance asserting he was improperly classified as a Northern Hispanic gang member despite the fact he is a professed Muslim, improperly placed in the Northern Hispanic gang member yard, or deprived him of recreation program yard time.  Kernan also moves to dismiss plaintiff's claims under the First and Eighth Amendments as well as those under the Religious Freedom Restoration Act ("RFRA") and the Religious Land Use and

---

[1] To the extent this document was intended to be a second motion for an extension of time, the motion is denied as moot.  In orders issued after plaintiff filed this document, the court extended the time for plaintiff's filing of an opposition up to and including June 22, 2009.

2

Institutionalized Persons Act ("RLUIPA").

I. Failure to Exhaust

Under the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Failure to exhaust nonjudicial remedies is treated as a matter in abatement and is subject to an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss on such grounds, "the court may look beyond the pleadings and decide disputed issues of fact." *Id.* at 1120. If the court finds the prisoner has not exhausted his administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

Exhaustion is mandatory and is a prerequisite to all suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). There must be "proper exhaustion" of available administrative remedies, meaning the inmate must "us[e] all steps the agency holds out. . . ." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Administrative remedies must be exhausted prior to filing suit; exhaustion during the pendency of the suit is insufficient. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam); *see also Vaden v. Summerhill*, 449 F.3d 1047, 1150-51 (9th Cir. 2006). The court "must dismiss a case without prejudice 'when there is no presuit exhaustion,' even if there is exhaustion while suit is pending." *Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).

3

1    Prisoners in the State of California have the right to appeal
2 administratively "any departmental decision, action, condition or
3 policy which they can demonstrate as having an adverse effect upon
4 their welfare." Cal. Admin. Code tit. 15, § 3084.1(a).  To exhaust
5 administrative remedies in the California system, a prisoner must
6 generally proceed through several levels of appeal: (1) informal
7 resolution; (2) formal written appeal on a CDC 602 inmate appeal
8 form; (3) second-level appeal to the institution head or designee;
9 and (4) third-level appeal to the Director of the California
10 Department of Corrections.  *Id.* § 3084.5; *Barry v. Ratelle*, 985 F.
11 Supp. 1235, 1237 (S.D. Cal. 1997).  A final decision from the
12 Director's level of review satisfies the exhaustion requirement.
13 *Kirkpatrick v. Ayers*, 2007 WL 2694179, at *1 (N.D. Cal. 2007)
14 (unpublished disposition).

15    Failure to exhaust administrative remedies is an affirmative
16 defense; defendants thus bear the burden of raising and proving the
17 absence of exhaustion.  *Brown v. Valoff*, 422 F.3d 926, 936 (9th
18 Cir. 2005) (quoting *Wyatt*, 315 F.3d at 1119).  Further, before the
19 court can find a failure to exhaust, the defendants must prove that
20 "*some* relief remained available" that the prisoner failed to
21 pursue, "whether at unexhausted levels of the grievance process or
22 through awaiting the results of the relief already granted as a
23 result of that process."  *Id.* at 936-37 (emphasis original).

24    On July 8, 2007, plaintiff filed appeal number SAC-07-01820,
25 which related to some of his claims in this action.  However, the
26 grievance does not allege misconduct by Kernan, nor does it assert
27 plaintiff was improperly labeled a Northern Hispanic gang member,
28 improperly placed in the Northern Hispanic yard, or deprived of

4

recreation program yard time. Even if it did, however, appeal number SAC-07-01820 was not exhausted before plaintiff initiated this action, so it cannot serve to satisfy the PLRA's exhaustion requirement. (*See* Court's Order Dated May 13, 2009, at 4-5).

The evidence submitted in support of Kernan's motion to dismiss indicates that from the time plaintiff was classified as a Northern Hispanic gang member in August 2003 until the date he initiated this action, plaintiff did not file any grievance against Kernan or any grievance asserting that he was improperly classified as a Northern Hispanic gang member, that he was improperly placed in the Northern Hispanic gang member yard, or that he was denied recreation program yard time. (Def. Supp. Exs. A, C & D; Def. Mot. to Dismiss Ex. B).

Appeal number SAC 07-00586 filed by plaintiff on February 25, 2007, does mention his classification as a Northern Hispanic gang member but does not assert such classification was improper. Moreover, it is clear his classification was not intended to be an object of the appeal, which asserts plaintiff was denied access to the chapel in order to attend religious services. Specifically, plaintiff did not raise his classification until the second-level appeal, where he stated: "I am Muslim. The Warden already gave me permission [to attend services in the chapel], and my being punished as a northerner . . . is a whole separate legal issue." (Def. Supp. Ex. E-1). This statement was made in response to the first-level decision, which explained that because plaintiff was a Northern Hispanic gang member, he was on a modified program and therefore could access religious services at the chapel only with prior approval by the facility captain. Plaintiff clearly states

5

1  that his classification is "a whole separate legal issue,"
2  indicating he did not view his classification as an issue for the
3  appeal.  Therefore, appeal number SAC 07-00586 did not exhaust
4  plaintiff's claims that Kernan improperly classified him as a
5  Northern Hispanic gang member despite the fact he is a professed
6  Muslim, improperly placed him in the Northern Hispanic gang member
7  yard, and deprived him of recreation program yard time.
8       Plaintiff also filed a grievance on July 27, 2007, asking to
9  be seen by the classification committee.  (Def. Supp. Ex. D (Pool
10 Decl. ¶6)).  The appeal was not accepted for review because it was
11 not filed in accordance with § 3084.5 of Title 15 of the California
12 Code of Regulations.  (*Id.*)  According to Appeals Coordinator K.
13 Pool, had the appeal alleged plaintiff was inappropriately
14 classified as a Northern Hispanic gang member, the tracking system
15 would have noted such.  (*Id.*)  The tracking system does not
16 indicate any such objection in the appeal.  (*Id.*)  Even assuming
17 the appeal contained an objection to plaintiff's classification as
18 a Northern Hispanic gang member, however, it was not properly
19 exhausted, *see Woodford*, 548 U.S. at 90, so it cannot serve to
20 satisfy the PLRA's exhaustion requirement.
21      Plaintiff does not assert that he was unable to file a timely
22 appeal with regard to any of the allegations of his complaint.
23 Further, the record reveals that plaintiff clearly knew how to file
24 grievances.  Kernan has therefore met his burden of proving that
25 plaintiff failed to exhaust his administrative remedies with regard
26 to his claims against Kernan, and such claims are dismissed without
27 prejudice.
28

6

II. Failure to State a Claim

The court must dismiss a prisoner's complaint if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal for failure to state a claim is appropriate if the complaint lacks a cognizable legal theory or contains insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court must accept as true all material allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 (9th Cir. 2000). The allegations of the complaint also must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

The allegations of a *pro se* plaintiff's complaint are held to a less stringent standard than those drafted by a lawyer. *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*). "Specific facts are not necessary" in a *pro se* complaint; the complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (internal punctuation and citations omitted). Even so, "a liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of a claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992)

7

(internal punctuation omitted) (italics added).

To the extent plaintiff has alleged Eighth and Fourteenth Amendment claims against Kernan based on his classification a Northern Hispanic gang member, his placement in the Northern Hispanic gang member yard, and the denial of recreation program yard time, such claims have not been exhausted.

Plaintiff also asserts Kernan violated his rights under the First Amendment Free Exercise Clause, the First Amendment Establishment Clause, RFRA,[2] and RLUIPA.  Plaintiff's allegation that he was classified as a Northern Hispanic gang member despite being a professed Muslim cannot be considered because plaintiff has failed to exhaust his administrative remedies with regard to that claim.  Plaintiff's complaint contains no other factual allegations supporting his claim that his rights under the First Amendment and the RLUIPA have been violated.  While he does state that he is a professed Muslim, he does not identify how Kernan allegedly violated his religious rights (other than by classifying him as a Northern Hispanic gang member), and he certainly does not indicate that the allegations contained in his exhausted grievance, appeal number SAC 07-00586, are at issue in this complaint.  Therefore, as the complaint gives the defendant no notice of the grounds upon which his First Amendment and RLUIPA claims are based, those claims are dismissed for failure to state a claim.

The court finds Kernan has met his burden of proving plaintiff

---

[2] The RFRA has been declared unconstitutional as applied to local and state laws.  See *Freeman v. Arpaio*, 125 F.3d 732, 735-36 (9th Cir. 1997), *abrogated on other grounds by Shakur*, 514 F.3d at 884-85.  Kernan is a state employee.  Accordingly, plaintiff cannot state a claim for relief under RFRA, and any such claim is dismissed.

8

has failed to exhaust all available administrative remedies as required by 42 U.S.C. § 1997e(a) with respect to his claims that Kernan improperly classified him as a Northern Hispanic gang member despite being a professed Muslim, improperly placed him in the Northern Hispanic gang member yard, and denied him recreation program yard time.  In addition, the plaintiff has failed to state a claim against Kernan under the First Amendment, the RFRA, or the RLUIPA.  Defendant Kernan's motion to dismiss (#26) is therefore granted, and plaintiff's motion to not dismiss the action of this case (#28, #38) is denied.  This action is hereby dismissed.  The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: This 29th day of June, 2009.

*Howard D McKibben*
UNITED STATES DISTRICT JUDGE